UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEIZELMAN,<br><br>                                Plaintiff,<br>v.<br>SAN DIEGO POLICE DEPARTMENT; SHERIFF'S OFFICE; DEA; and JOHN DOES,<br><br>                                Defendants. | Case No.:  22cv1782 DMS (BLM)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B), AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On November 14, 2022, Plaintiff Robert Heizelman, proceeding pro se, filed the present case in this Court.  In the Complaint, Plaintiff alleges he is being harassed by the "cops."  Specifically, he alleges the cops singled him out multiple times to move his tent,[1] ticketed his vehicle multiple times, towed his vehicle and searched his car illegally, planted drugs outside his shower at the gym, and hired people to film him while he was at the gym.

---

[1] Based on the Complaint as a whole, it appears Plaintiff was homeless at the time of the harassment, and living either in a tent or in his car.

1

Along with the Complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP"), and a motion for appointment of counsel.

**Motion to Proceed IFP**

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. *See* 28 U.S.C. § 1915(a). Plaintiff has submitted an affidavit which sufficiently shows that he lacks the financial resources to pay filing fees. Accordingly, his motion to proceed IFP is granted.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Id.* at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As stated above, Plaintiff here alleges a campaign of harassment by the cops, for which he apparently seeks injunctive relief and compensatory and punitive damages.

Although Plaintiff's Complaint includes several pages of factual allegations, he fails to identify the legal basis for his Complaint, and he fails to specify which Defendant agency or individual was involved in each of the alleged instances of harassment.  Absent this information, Plaintiff's Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A(b).

**Conclusion and Order**

In light of the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed IFP is granted.

2. Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Plaintiff is granted leave to file a First Amended Complaint that cures the pleading deficiencies set out above.  Plaintiff's First Amended Complaint, should he elect to file one, must be filed no later than **January 13, 2023**.

3. In light of the rulings above, Plaintiff's motion for appointment of counsel is denied without prejudice as moot.

Dated:  December 19, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court